IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA K. THORNTON                                                            PLAINTIFF

    v.                                        CIVIL NO. 06-4063

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                              DEFENDANT

## ORDER

Linda Thornton ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for disability insurance benefits (DIB) supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act. (Doc. # 1). In her Motion to Dismiss the case, the defendant alleges that plaintiff's complaint fails to state a claim upon which relief can be granted because it was not filed within the time limitation specified in 42 U.S.C. § 405(g), which requires that a civil action be commenced within 60 days after the date of mailing to the plaintiff of notice of the final decision of the Commissioner of Social Security, or within any time as extended by the Appeals Council of the Social Security Administration. (Doc. # 6).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Supreme Court has specifically held that § 405(h) prevents review of the Secretary's decisions except as provided in § 405(g) of the Act. *Sheehan v. Secretary of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) (*citing Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). Section 405(g) provides in pertinent part:

> Any individual, after a final decision of the Commissioner made after a hearing to which he was

> a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Accordingly, the final decision of the Commissioner is binding unless the claimant files an action in a Federal district court within 60 days after receipt of the notice of the Appeals Council's decision. *See also* 20 C.F.R. §§ 404.981, 422.210. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c).

In her motion to dismiss, the defendant contends that the Notice of Appeals Council action is dated June 2, 2006, and as such, plaintiff had until August 7, 2006 (including the 5 day mail rule), to file her complaint. Because plaintiff's complaint was not filed until August 9, 2006, defendant contends it was untimely filed. (Doc. # 6). Plaintiff, however, filed a response to the defendant's Motion to Dismiss, stating that the case was timely filed. Plaintiff has presented the Court with evidence to show that the complaint was stamped received by this Court on July 31, 2006, although the *in forma pauperis* petition was not granted until August 9, 2006. (Doc. # 8). As such, the complaint was clearly filed by plaintiff on or before August 7, 2006, the sixtieth day following the Notice of Appeals Council Action. Accordingly, we find that plaintiff's Complaint was timely filed. Therefore, the defendant's Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED this <u>13th</u> day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE