IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA K. THORNTON                                                                                  PLAINTIFF

vs.                                          Civil No. 4:06-cv-04063

MICHAEL J. ASTRUE[1]                                                                            DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Linda K. Thornton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI now before this Court were protectively filed on November 14, 2002.  (Tr. 46, 205).  These applications allege an onset date of April 6, 2002.  *See*

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

*id.* In these applications, in other documents filed with the SSA, and in her testimony at the administrative hearing on September 29, 2004, Plaintiff alleges she is disabled due to her severe headaches, constant pain in her left elbow, arthritis in her knees, high blood pressure, vision problems, neuropathy, a heart murmur, high cholesterol, back pain, depression, and diabetes. (Tr. 72, 240-242, 248-254). Plaintiff claims her disabilities first began to bother her, and she became unable to work, on April 6, 2002 after she was involved in a horseback riding accident. (Tr. 84, 230).

Plaintiff's applications were initially denied on January 31, 2003 and were denied again on reconsideration on March 21, 2003. (Tr. 26-29). Plaintiff requested an administrative hearing which was held on September 29, 2004 in Texarkana, Arkansas. (Tr. 220-269). Plaintiff was present and was represented by an attorney, Terry Diggs, at the hearing. *See id.* Plaintiff, Tony Thornton (Plaintiff's husband), and Millard Sales (a vocational expert) testified at this hearing. *See id.* At the time of the hearing, Plaintiff was thirty-five (35) years old (classified as a "younger individual," 20 C.F.R. § 404.1563(c) (2007)), was married, lived in Lockesburg, Arkansas, had a General Education Development (G.E.D.) diploma, and had completed approximately thirteen (13) hours of college classes. (Tr. 16, Findings 6-7, 224-225).

On November 1, 2004, Administrative Law Judge ("ALJ") issued a written opinion. (Tr. 12-17). The ALJ determined that Plaintiff met the insured status requirements on her alleged onset date and continued to meet them through December 31, 2005. (Tr. 16, Finding 1, 50). The ALJ determined that Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since her alleged onset date or since April 6, 2002. (Tr. 16, Finding 2). The ALJ found Plaintiff had been treated for diabetes, depression, a left elbow fracture, hypertension, and knee pain. (Tr. 16, Finding

3).  The ALJ determined these were severe impairments but did not find that Plaintiff had an impairment or a combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulation No. 4.  *See id.*

The ALJ also evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 16, Findings 4-5).  First, the ALJ evaluated Plaintiff's subjective complaints pursuant to Social Security Regulation ("SSR") 96-7p and *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and determined that Plaintiff's testimony and Plaintiff's husband's testimony was not fully credible.  (Tr. 16, Finding 4).  The ALJ then gave reduced weight to Plaintiff's allegations regarding her pain and limitations to the extent they impact her ability to do basic work. (Tr. 15).  Second, the ALJ determined that Plaintiff retained the RFC to perform the following:

> [L]ift/carry 20 pounds occasionally and 10 pounds frequently and stand/walk 6 hours in an 8 hour day.  She is restricted to using the left upper extremity as an assistive device; unable to perform bilateral hand usage; can occasionally reach in all directions using the left upper extremity; and occasionally push/pull using the left upper extremity.

(Tr. 16, Finding 5).

Based upon this RFC determination, the ALJ found that Plaintiff could perform her Past Relevant Work ("PRW").  (Tr. 16, Finding 9).  Vocational Expert ("VE") Millard Sales, a full-time self-employed independent vocational expert, testified at the hearing and addressed this issue.  (Tr. 260-269).  The VE testified that Plaintiff's PRW included work as a mobile home sales person (semi-skilled, light), cashier (semi-skilled, light), certified nursing assistant (semi-skilled, medium), and stocker/cleaner (unskilled, medium).  (Tr. 16, Finding 8).  The VE testified that a hypothetical person with the same limitations as Plaintiff, and with the same RFC, could still perform Plaintiff's PRW as a mobile home sales person.  (Tr. 263-264).  Based upon the VE's testimony, the ALJ

3

determined that Plaintiff was not disabled. (Tr. 16, Finding 10).

On June 2, 2006, the Appeals Council declined to review the ALJ's November 1, 2004 hearing decision. (Tr. 5-7). Subsequently, Plaintiff filed the present action. (Doc. No. 1). This case was referred to the undersigned on February 22, 2007. Plaintiff and Defendant have both filed appeal briefs. (Doc. Nos. 13-14). This case is ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any SGA. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental

4

impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. Discussion:**

Plaintiff brings the present appeal claiming that the ALJ's disability determination is not supported by substantial evidence in the record as a whole. (Doc. No. 13, Pages 9-14). More specifically, Plaintiff claims the ALJ erred (A) by failing to take into account the combined impact of her impairments, (B) by ignoring the side effects of her medication and how they may limit her

ability to work, and (C) by improperly discounting the credibility of Plaintiff and her husband. *See id.* Defendant claims that substantial evidence supports the SSA's disability determination that Plaintiff is not disabled within the meaning of the Social Security Act. (Doc. No. 14, Pages 3-8). In response to Plaintiff's arguments, Defendant claims that the ALJ properly evaluated the evidence in the record and considered Plaintiff's impairments in combination, properly considered Plaintiff's medication, and properly evaluated the credibility of Plaintiff and Plaintiff's husband. *See id.* at 4-6. Defendant also argues that Plaintiff failed to meet her burden of proving that she was unable to perform her PRW and that since Plaintiff did not meet this burden, the ALJ properly determined Plaintiff can perform her PRW. *See id.* at 7-8. This Court will address Plaintiff's arguments in order.

### A. Plaintiff's Impairments in Combination

Plaintiff argues that she suffers from a "unique combination of impairments both physical and mental" and that the ALJ did not properly consider these impairments in combination. (Doc. No. 13, Page 10). Plaintiff claims that she suffers from depression, severe knee pain and swelling, severe elbow pain and numbness, back pain, diabetes, high blood pressure, headaches, a heart murmur, and high cholesterol and claims that the ALJ should have evaluated these impairments "in totality." *See id.* at 9-11. Defendant argues that the ALJ properly considered all of the evidence in the record, including Plaintiff's multiple impairments, when making his disability determination. (Doc. No. 14, Page 4-6). Defendant also argues that "the different exertional and nonexertional functional limitations specified by the ALJ in his residual functional capacity determination establish that the ALJ considered the combined effect of Plaintiff's impairments." *See id.* at 5.

Under the facts in the present case, this Court finds that the ALJ properly considered Plaintiff's impairments in combination. The Social Security Act requires the ALJ to consider the

6

combined impact of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to be disabling. *See* 20 C.F.R. § 404.1523 (2007). In the present action, in reviewing Plaintiff's claimed impairments, the ALJ stated several times in his opinion that "the evidence does not document the existence of any impairment or *combination of impairments* which meets or equals the level of severity for any impairment listed in Appendix 1 to Subpart P, Regulations No. 4." (Tr. 13, 16, Finding 3) (emphasis added). The ALJ also reviewed, and included in his opinion, a summary of Plaintiff's medical records and of the mental and physical problems experienced by Plaintiff. (Tr. 12-15). This statement and summary are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of Plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of a plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered the Plaintiff's impairments in combination. Plaintiff has alleged that she suffers from a number of impairments. (Doc. No. 13, Pages 9-11). However, this Court is not required to find that Plaintiff is disabled simply because she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined impact of Plaintiff's impairments, and this Court finds that the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

**B. Side Effects of Plaintiff's Medication**

Plaintiff claims the ALJ failed to properly consider the side effects of her medication and failed to find that her medication's side effects limit her ability to work. (Doc. No. 13, Page 11-12). Plaintiff notes that she is taking twelve different medications: "2 for diabetes, 4 for arthritic symptoms, 2 to control blood pressure, 1 for blood clots and heart murmur, 1 for cholesterol control, 1 for regulating menstrual cycle, and 1 for acid reflux." *See id.* Plaintiff claims that these medications have a number of different side effects, including "muscle cramps" and "nervousness and anxiety, dry or 'cotton' mouth, and sleepiness." *See id.* Plaintiff claims that, pursuant to the Eighth Circuit's opinion in *Porch v. Chater,* 115 F.3d 567 (1997), the ALJ is required to examine the side effects of a claimant's medication when making a disability determination and incorporate those side effects into his or her RFC or disability determination. *See id.*

In response to Plaintiff's argument, Defendant claims that the "ALJ considered the medications used by Plaintiff," but the Defendant did not otherwise address Plaintiff's argument that the ALJ should have considered the *side effects* of Plaintiff's medication. *See id.* Defendant also did not address Plaintiff's argument that pursuant to *Porch v. Chater,* 115 F.3d 567 (1997), the ALJ was required to evaluate, and alter his disability determination, based upon the impact the side effects of Plaintiff's medication may have on Plaintiff's ability to perform her work.

This Court finds that the facts in *Porch* are distinguishable from the facts in the present action and that the ALJ did not err by giving little or no weight to the side effects of Plaintiff's medication. In *Porch,* the Eighth Circuit held that an ALJ's decision was not supported by substantial evidence partly because the ALJ did not give proper weight to the side effects of the plaintiff's medication. 115 F.3d at 572. The Eighth Circuit, however, decided *Porch* under facts very different from the

Case 4:06-cv-04063-BAB   Document 15   Filed 07/26/07   Page 9 of 12 PageID #: 79


facts in the present action. *See id.* Importantly, in *Porch,* the ALJ found the plaintiff's testimony regarding these side effects was credible and "credited Porch's [the plaintiff's] testimony regarding the side effects of her medications." 115 F.3d at 572. In the present action, the ALJ *did not* find that Plaintiff's testimony regarding the side effects of her medication was credible and properly discredited this testimony regarding the side effects of her medication. *See* Discussion 3.C, *infra.* An ALJ is not required to give any weight to subjective allegations that the ALJ properly discredits. *See Davis v. Barnhart,* No. 05-2189, 2006 WL 1544379, at *586-87 (8th Cir. April 10, 2006) (noting that an RFC determination and its corresponding hypothetical need only include the limitations the ALJ finds credible). Therefore, in this case, the ALJ was not required to give any weight to these claimed side effects and did not err in finding that the side effects of Plaintiff's medication do not limit her ability to work.

### C. ALJ's Credibility Determination

Plaintiff also claims that the ALJ erred in discounting Plaintiff's and Plaintiff's husband's subjective complaints. (Doc. No. 13, Pages 12-13). More specifically, Plaintiff claims that her ability to do some limited household tasks does not indicate that she is able to perform work at a full-time job. *See id.* Plaintiff claims that she suffers from severe and intense pain that should have been more fully considered by the ALJ in evaluating Plaintiff's and her husband's subjective complaints. *See id.* Defendant claims that the ALJ did not err in his credibility determination and that the ALJ properly and fully considered the *Polaski* factors prior to discounting Plaintiff's subjective complaints. (Doc. No. 14, Page 6).

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.429. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). These factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 F.2d at 1322. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). Furthermore, an ALJ's credibility determination is generally entitled to deference. *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007). As long as the ALJ properly applies these five factors and gives several valid reasons for his or her finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ properly applied all five of these factors and properly

discounted Plaintiff's subjective complaints. (Tr. 12-15). In his credibility analysis, the ALJ determined that Plaintiff's subjective complaints were not entirely credible based upon the following five findings: (1) Plaintiff's daily activities include walking, driving, shopping, attending church, doing laundry, washing dishes, running errands, cooking, paying bills, and reading; (2) Plaintiff complains of knee pain, but her medical records indicate that she has good range of motion in her knees and can walk one-fourth (1/4) of a mile; (3) Plaintiff complains of problems with her vision, but she can both drive and read; (4) Plaintiff complains of numbness in her extremities, but there is no evidence that she has ever been diagnosed with diabetic neuropathy; and (5) Plaintiff complains of serious depression, but her depression is only situational in nature. Taken together, these are five valid reasons that the ALJ used in support of his credibility determination. Since the ALJ's credibility determination is supported by several valid reasons, his decision is entitled to deference and should be affirmed. *See Woodruff,* 2007 WL 913854, at *1.[3]

Furthermore, the ALJ properly discredited the testimony of Plaintiff's husband, Mr. Thornton. Although the ALJ should "fully consider" the testimony of every claimant and witness, the ALJ is not required to accept the testimony of a witness if that testimony is motivated by a possible financial gain. *See Buckner v. Apfel,* 213 F.3d 1006, 1007-08 (8th Cir. 2000). In the present action, the ALJ did not fully credit the testimony of Mr. Thornton because, as the ALJ noted, he was "to some degree . . . motivated by the desire to see her [Plaintiff] obtain benefits." (Tr. 15). The ALJ's reason for discrediting Mr. Thornton's testimony was permissible pursuant to *Buckner* and

---

[3] Plaintiff claims that her ability to perform simple household tasks should not be the sole basis for discrediting her subjective complaints of pain. (Doc. No. 13, Pages 12-13). Plaintiff is correct in her claim. *See Swope v. Barnhart,* 436 F.3 1023, 1023 (8th Cir. 2006). However, the ALJ did not base his entire credibility determination upon his finding that Plaintiff can perform simple household tasks. (Tr. 12-17). Instead, the ALJ had several bases for discrediting Plaintiff's subjective complaints; and because the ALJ gave several valid reasons for discrediting Plaintiff's subjective complaints, the ALJ's disability determination is entitled to deference and should be affirmed.

11

should be affirmed by this Court.

**4. Conclusion:**

Based on the foregoing, the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **26th day of July, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge